FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ NOV 09 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X   Case No.

PAULINE VU, on behalf of herself individually and
all others similarly situated

                                        Plaintiff,   **CV 10 - 5179**

                                                     CLASS ACTION
                                                     COMPLAINT
            -against-

WILLIAMS & FUDGE, INC.                               MAUSKOPF, J.

                                        Defendant.
--------------------------------------------------------------X   GOLD, M.J.

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon

knowledge as to herself and her own acts, and as to all other matters upon information

and belief, brings this complaint against the above-named defendant and in support

thereof alleges the following:

                            INTRODUCTION

        1.      This is an action for damages brought by an individual consumer

and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in

abusive, deceptive and unfair acts and practices. This action is also brought pursuant to

New York General Business Law §349 ("NYGBL §349") regarding defendant's deceptive

acts and practices.

                                        -1-

## PARTIES

2.      Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3.      Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a foreign business corporation incorporated in South Carolina.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5.      That plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6.      That in or around September 2010, defendant sent two collection letters to plaintiff in an attempt to collect two consumer debts incurred for personal purposes to United Guaranty First.

7.      That said letter states, in pertinent part:

"As permitted under Section 34-11-70 of the South Carolina State Code of Laws, there will be a charge of $25.00 for any returned checks."

8.      That under §5-328 2(a) of the General Obligations Law of New York, it is unlawful for defendant to impose a charge for a dishonored check in excess of a certain amount. In New York, the maximum amount that may be charged for a returned check is less than $25.00. Defendant's statement that there will be a charge of $25.00 for a returned check is therefore in violation of the FDCPA, including but not limited to §§1692f

and 1692f(1), in that said statement is an unfair or unconscionable means to collect or attempt to collect a debt. Said statement also reflects an intention to collect an amount incidental to the principal obligation which is not authorized or permitted by law.

9.      That said statement that there will be a $25.00 charge for a returned check is also in violation of the FDCPA, including but not limited to §§1692e and 1692e(2) as a false, deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of the debt and the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

10.      That said statement that a $25.00 service fee will be charged is also a violation of the FDCPA, including but not limited to §1692e(5), as it is a threat to take an action which cannot legally be taken.

11.      That said statement that a $25.00 service fee will be charged violates FDCPA, including but not limited to §1692e(10) and is the use of a false representation or deceptive means to collect or attempt to collect a debt.

## AS AND FOR A SECOND CAUSE OF ACTION

12.      That plaintiff re-alleges paragraphs 1 to 11 as if fully re-stated herein.

13.      That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

14.     That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of educational debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the two letters defendant sent to plaintiff.

15.     That defendant's letters are deceptive and misleading in that the least sophisticated consumer would believe that defendant has the ability to collect a dishonored check charge of $25, as defendant stated in its letters. This mistaken belief is strengthened by defendant's statement that this excessive charge is permitted by South Carolina State Code of Laws. The least sophisticated consumer would not realize that the South Carolina Laws do not apply to a resident of New York.

16.     That plaintiff suffered damages pursuant to NYGBL §349(h) as a result of defendant's actions.

17.     That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

CLASS ALLEGATIONS

18.     That plaintiff re-alleges paragraphs 1-17 as if fully re-stated herein.

19.     That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within New York State within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letters sent to plaintiff on or about September 7, 2010 and September 9, 2010; (b) the collection letter

-4-

was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§,1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1). The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

20.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letters that are the gravamen of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters which stated an excessive dishonored check charge, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1)

(C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)     The claims of plaintiff are typical of those of the class members. *All* are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

21.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.     That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

23.     That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

24.    That as a result of the above violations, defendant is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)    statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b)    statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;

(c)    awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(e)    reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k and NYGBL § 349(h); and

(f)    for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        November 8, 2010.

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

-7-